## APPEAL OF V. PARK THOMPSON ET AL.

[HUMBOLDT S. D. & T. Co. v. THOMPSON.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF
ERIE COUNTY.

Argued May 2, 1889—Decided May 13, 1889.

(a) Pending the distribution by an auditor of the proceeds of a sheriff's sale of mortgaged real estate, terre-tenants presented a petition alleging that no service of the scire facias sur mortgage was made on them; that they were not made parties to the suit, and they could prove by other evidence than that offered at the trial of the scire facias that no money was due on the mortgage and no judgment should have been rendered therein.

1. It was not error to refuse an issue prayed for, as no disputed question of fact as to which the issue was demanded was set out in the petition; moreover, the proceeding upon the scire facias having passed into judgment, the auditor was concluded thereby and the defence suggested could not be made before him on the distribution of the fund.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 207 January Term 1889, Sup. Ct.; court below, No. 98 September Term 1887, C. P.

On January 30, 1888, pending the distribution by an auditor of the proceeds of real estate sold under a writ of levari facias issued upon a judgment in scire facias sur mortgage in favor of the Humboldt Safe Deposit & Trust Co., for use, against V. M. Thompson, administrator of Rebecca Thompson, deceased, and V. M. Thompson, one V. Park Thompson, for himself and as guardian of Clara R. Thompson, presented to the auditor, *Mr. F. F. Marshall*, a petition, verified by affidavit, setting forth:

C. L. Thompson being duly sworn according to law doth depose and say: That the money for distribution by the auditor in this case is the proceeds of sale of certain real estate in the above stated levari facias described, and sold as the property of Rebecca Thompson and V. M. Thompson; that at

the time the judgment was rendered on which said levari facias was issued, the land so sold was owned jointly by the deponent, V. Park Thompson and Clara R. Thompson, who were the terre-tenants of said land; that no service of the scire facias issued on this mortgage against said land, and upon the trial of which judgment aforesaid was rendered, was ever made upon either of said terre-tenants, nor were they nor either of them made parties to said suit during its progress, or at any time; that the said above-named terre-tenants are still the owners of said land, the purchase thereof made at said sale thereof on the above-named levari facias and on another levari facias, . . . . . having been made for the said terre-tenants as terre-tenants; the said purchase thereof, and the transfer thereof to this deponent being in fact in trust for the said first above-named terre-tenants, who still hold and own the same; that the said terre-tenants, not having been heard in court on the trial of said suit, No. 37 February Term 1880, Burton and others against the said defendants, now desire and claim a r ght to be heard as to the validity of said judgment on the said mortgage, and allege and aver that they verily believe and expect to be able to prove on a trial of the case to which they desire to be made parties, by other and different testimony than was offered to the jury on the trial of said suit, No. 37 February Term 1880, that no money was due to the said plaintiffs on said mortgage, and that no judgment should have been recovered by the said plaintiffs against the said land, and that the said judgment should not be taken or treated as a lien on the said land, and should not have appropriated to it any of the fund made by the sale thereof and now in court for distribution; and the deponent for himself and the other terre-tenants named as above asks the auditor to certify to the court the above stated facts as disputed facts, that an issue to try the same may be directed as provided by law.

The auditor certified the foregoing request to the Court of Common Pleas, when a rule to show cause was granted.

To this rule, Richard H. Arbuckle, administrator of John Burton, deceased, one of the use plaintiffs in the judgment upon the mortgage referred to, filed an answer setting out the execution of the mortgage, the assignments thereof, the scire

facias thereon and the judgment after a defence thereto by the defendants on the merits, the affirmance of said judgment by the Supreme Court on writ of error, and concluded:

"That the petition does not set forth the nature and character of any disputed fact upon which an issue could be had or asked for. Your deponent denies the right of petitioner to an issue, and alleges that the legality of the mortgage as a lien was fully and completely adjudicated and settled in the suit between the parties thereto, as well as the amount due ascertained."

After argument of the foregoing petition and answer, the court, BROWN, P. J., 37th judicial district, specially presiding, filed an opinion and order discharging the rule, on the ground that the petition did not deny the execution of the mortgage by the mortgagors, nor did it state any facts, which, if true, would show that no money was due on the mortgage, or that the judgment was not a valid one.

On August 20, 1888, the report of the auditor, which, inter alia, awarded the fund for distribution to the judgment on the mortgage, was filed. With this report was filed an exception alleging error on the part of the said auditor in overruling an offer made by the terre-tenants, petitioners in the foregoing proceeding, to prove before him the matters in said petition set forth. After argument, the court, HENDERSON, P. J., on December 10, 1888, dismissed said exception and confirmed the auditor's report. Thereupon V. Park Thompson, for himself and as guardian of Clara R. Thompson, took this appeal, assigning as error the order refusing an issue on the said petition filed, and the dismissal of said exception to the auditor's report.

*Mr. John P. Vincent* (with him *Mr. E. A. Walling* and *Mr. J. Ross Thompson*), for the appellants.

*Mr. S. M. Brainerd* (with him *Mr. Wm. Benson, Mr. G. A. Allen* and *Mr. L. Rosenzweig*), for the appellees.

PER CURIAM:

It was not error to refuse the issue asked for in this case.

Statement of Facts.

The petition did not set out any question of fact as to which the issue was demanded. The averment that "no money was due to the said plaintiffs on said mortgage" was too vague, especially in a case which has been so thoroughly litigated as this. Nor was there error in the rejection of the evidence referred to in the second assignment. The scire facias had been tried in the court below and had passed into judgment. It is true the terre-tenants (appellants) were not made parties to the scire facias, and might have made any defence in the court below that they could have made had they been warned by the scire facias. Such defence could not, however, be taken before the auditor. He was bound by the judgment, and if the appellants desired relief, the application should have been made to the court. We do not say they were entitled to it there, we only say they are not entitled to it here.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.